**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**AIKEN DIVISION**

| | | |
|---|---|---|
| Oneal Free, | ) | |
| | ) | Civil Action No. 1:12-cv-01492-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Officer Brian C. Owens, Chief David P. | ) | |
| Smith, Burnettown, | ) | |
| | ) | |
| Defendants. | ) | |
| ———————————————— | ) | |

Plaintiff Oneal Free ("Plaintiff") filed the instant action pursuant to 42 U.S.C. § 1983 alleging excessive force in violation of the Fourth Amendment, unlawful seizure in violation of the Fourth Amendment, punishment of free speech in violation of the First Amendment, and cruel and unusual punishment in violation of the Fifth Amendment.  (ECF No. 1 at 3–5). Plaintiff also alleges the state law claim of abuse of process.  *Id.* at 4–5.  This matter is before the court on Defendants' motion for summary judgment pursuant to FED. R. CIV. P. 56.  (ECF No. 12).  For the reasons set forth below, the court **GRANTS IN PART** and **DENIES IN PART** Defendants' motion for summary judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

The facts viewed in the light most favorable to Plaintiff are as follows.  At the time of the incident in question, the late afternoon of January 20, 2010, Plaintiff was 63 years old.  (ECF No. 1 at 2).  Plaintiff was out eating at S & S Cafeteria with his son Brian Oneal Free and his granddaughter Alexis Oneal Free when Plaintiff's neighbor called and reported to Plaintiff's son that Plaintiff's dog had gotten loose from Plaintiff's gate.  (ECF No. 16-1 at 1; ECF No. 16-2 at 1).  Plaintiff returned home with his son and granddaughter in order to place Plaintiff's dog back

1

inside Plaintiff's gate. (ECF No. 16-1 at 1). While placing his dog back inside his gate, Plaintiff had an encounter with Defendants Officer Brian C. Owens and Chief David P. Smith (collectively referred to as "Defendant Officers").

Defendant Officers were in the vicinity of Plaintiff's home responding to a citizen's complaint about a loose dog which had allegedly attacked two smaller dogs. (ECF No. 12-2 at 2; ECF No. 12-10 at 2). As Plaintiff was attempting to return his dog to his gate, Defendant Owens yelled "Hey", but Plaintiff was unable to hear him. (ECF No. 16-2 at 1). Defendant Owens explains that he was attempting to inform Plaintiff that animal control had arrived to secure Plaintiff's dog. (ECF No. 12-2 at 3; ECF No. 12-10 at 3). Plaintiff was unaware of Defendant Officers' presence until Defendant Owens approached Plaintiff from behind and grabbed Plaintiff's right arm, twisting it and causing Plaintiff's wrist to fracture. (ECF No. 16-1 at 1). In the midst of this physical encounter, Defendant Owens slung Plaintiff onto Plaintiff's fence, Plaintiff's truck, and the ground and then placed Plaintiff in handcuffs. (ECF No. 16-1 at 1–2; ECF No. 16-2 at 1; ECF No. 16-3). The handcuffs' tightness caused Plaintiff's wrists to bleed. (ECF No. 16-1 at 1; ECF No. 16-2 at 2; ECF No. 16-3; ECF No. 12-2 at 3; ECF No. 12-10 at 4).

Plaintiff was arrested and charged with obstruction and with having an animal at large. (ECF No. 16-1 at 2; ECF No. 12-2 at 4; ECF No. 12-10 at 4). Plaintiff concedes that he refused to produce identification and complained to Defendants about the treatment he was receiving. (*See* ECF No. 16-1 at 2). In response to Plaintiff's bleeding, Defendant Owens removed the handcuffs. (*See* ECF No. 16-2; ECF No. 16-3; ECF No. 12-2 at 3; ECF No. 12-10 at 4). Plaintiff then provided Defendants with his identification and the shot record for Plaintiff's dog. (ECF No. 12-2 at 3; ECF No. 12-10 at 4). Defendants issued Plaintiff tickets for the offenses charged. (ECF No. 16-1 at 2; ECF No. 12-2 at 4; ECF No. 12-10 at 4). Defendants offered EMS

treatment to Plaintiff; however, Plaintiff declined their offer.  (ECF No. 12-2 at 3; ECF No. 12-10 at 4).  Defendant Owens photographed Plaintiff's right arm and hand for documentation.  (ECF No. 12-5).  Defendants did not take Plaintiff into police custody.  (ECF No. 12-2 at 4; ECF No. 12-10 at 4).

Plaintiff was ultimately charged with violations of the city ordinances for permitting domestic animals to run at large and for resisting arrest.  (ECF No. 12-7).  Although Plaintiff requested a jury trial for his citations, Plaintiff failed to appear for his trial.  (ECF No. 12-2 at 4).  After being found guilty in his absence, Plaintiff voluntarily paid his fines and was never taken to jail.  *Id.*

Plaintiff filed the instant action on June 5, 2012, alleging several constitutional violations pursuant to § 1983 as well as abuse of process under South Carolina law.  (ECF No. 1).  Following the completion of discovery, Defendants moved for summary judgment under FED. R. CIV. P. 56.  (ECF No. 12).  Plaintiff filed a response in opposition to Defendants' motion (ECF No. 16), to which Defendants filed a reply (ECF No. 19).  The court held a hearing on this matter on February 3, 2014.  (ECF No. 39).

## LEGAL STANDARDS

A.    <u>Summary Judgment</u>

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).  A fact is "material" if proof of its existence or non-existence would affect the disposition of the case under the applicable law.  *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248–49 (1986).  A genuine question of material fact exists where, after reviewing the

record as a whole, the court finds that a reasonable jury could return a verdict for the nonmoving party. *Newport News Holdings Corp. v. Virtual City Vision*, 650 F.3d 423, 434 (4th Cir. 2011). In ruling on a motion for summary judgment, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *See United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *See id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *See Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *See Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

B.    <u>Subject Matter Jurisdiction in Congruence with *Heck v. Humphrey*</u>

*Heck v. Humphrey*, 512 U.S. 477 (1994), instructs that a § 1983 claimant cannot recover damages from a harm that if found unlawful would render a conviction unlawful. *Id.* at 486–87. Thus, the court must conduct a fact-intensive inquiry into the details of the plaintiff's underlying conviction to determine whether the plaintiff's § 1983 success would necessarily imply that the plaintiff's conviction was wrongful. *Riddick v. Lott*, 202 F. App'x 615, 616 (4th Cir. 2006) (reversing the district court after it presumed a § 1983 excessive force claim automatically implied the invalidity of a resisting arrest conviction).

4

## ANALYSIS

A.    Section 1983 Claim:  Excessive Force in Violation of the Fourth Amendment

Plaintiff claims that Defendants violated the Fourth Amendment by restraining Plaintiff with unreasonable and excessive force.  (ECF No. 1 at 3).  As an initial matter, the court finds that the record is inconclusive with regard to whether a finding of excessive force would necessarily imply the invalidity of Plaintiff's resisting arrest conviction.  The record contains no evidence from which the court can determine the factual basis for the jury verdict finding Plaintiff guilty of resisting arrest.  If the jury found that the actions constituting resistance occurred independently of or prior to Defendant Owens's use of force, the success of Plaintiff's excessive force claim would not call Plaintiff's resisting arrest conviction into question.  *See* Riddick, 202 F. App'x at 616 ("If, however…the [officer's] alleged punch occurred, independently…or after his resistance had clearly ceased, then a successful § 1983 suit for excessive force would not imply invalidity of the conviction.")  Therefore, the court finds that *Heck v. Humphrey*, 512 U.S. 477, does not bar Plaintiff's excessive force claim.  Accordingly, the court proceeds to an analysis on the merits.

A claim of excessive force in the context of an arrest or investigatory stop is analyzed under the Fourth Amendment's reasonableness standard.  *Graham v. Connor*, 490 U.S. 386, 394 (1989).  The court must determine "whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation."  *Henry v. Purnell*, 652 F.3d 524, 531 (4th Cir. 2011) (quoting *Graham*, 490 U.S. at 397) (internal quotation marks omitted).  "In considering whether an officer used reasonable force, a court must focus on the moment that the force is employed."  *Id.*  Upon viewing the evidence in the light most favorable to Plaintiff, the court is charged with determining the issue

of officer reasonableness at summary judgment as it is a question of law. *Id.*

The Supreme Court has advised that the following factors assist the court in determining whether the totality of the circumstances justifies a particular seizure: the severity of the crime at issue, whether the detainee posed an immediate threat to the officers' safety, and whether the detainee was actively resisting arrest or attempting to flee. *Graham*, 490 U.S. at 396. The court finds the central offense of an animal at large to be a moderately serious situation over which a reasonable officer would want to exert control. However, the court cannot conclude that a reasonable officer would twist a detainee's arm and sling him around in effort to gain compliance with the officer's investigation after only a minimal attempt to verbally direct the detainee. The facts viewed in favor of Plaintiff do not indicate that Plaintiff posed a safety threat to Defendant at the time the force was applied or that Plaintiff was actively resisting an arrest. Thus, the court finds the record does not preclude a finding that Defendant Owens's use of force was objectively unreasonable under the circumstances of this case.

Defendants raise the affirmative defense of qualified immunity. (ECF No. 12-1 at 17–19). The doctrine of qualified immunity shields government officials performing discretionary functions from liability for civil damages where "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The steps in determining whether officials are entitled to qualified immunity are: (1) an inquiry into whether the plaintiff has alleged a deprivation of a constitutional right and (2) whether that right was clearly established at the time of the alleged violation. *Rogers v. Pendleton*, 249 F.3d 279, 286 (4th Cir. 2001). Under the facts as established for the purposes of summary judgment, Defendant Owens's actions are not shielded by qualified immunity because a reasonable officer in his position would have

understood that the degree of force exerted violated Plaintiff's rights.

Thus, the court denies Defendants' motion for summary judgment with respect to Plaintiff's excessive force claim.

B.    Section 1983 Claim:  Unlawful Seizure of Identification in Violation of the Fourth Amendment

Plaintiff states that Defendants unconstitutionally seized his identification in violation of the Fourth Amendment.  (ECF No. 1 at 4).  Even viewing the facts in the light most favorable to Plaintiff, Plaintiff's identification was seized after he was arrested.  Because an officer may conduct a search incident to a lawful arrest, the seizure of Plaintiff's identification was accordingly lawful.  Given this justification for the seizure of Plaintiff's identification, it appears that the only manner in which Plaintiff can challenge the seizure of his identification is to challenge the lawfulness of his arrest.  Because challenging the legality of the arrest would necessarily call into question the validity of Plaintiff's convictions, this claim is barred pursuant to *Heck v. Humphrey*.

Therefore, the court grants Defendants' summary judgment motion for this claim.

C.    Section 1983 Claim:  Punishment of Free Speech in Violation of the First Amendment

Plaintiff claims that Defendants selectively prosecuted Plaintiff's case to punish his criticism of their actions.  (ECF No. 1 at 4).  A court finding that Plaintiff was arrested and prosecuted due to the exercise of his First Amendment rights would call into question the lawfulness of Plaintiff's convictions.  As such, *Heck v. Humphrey* bars this claim, and accordingly, Defendants' summary judgment motion is granted for this claim.

D.    Section 1983 Claim:  Cruel and Unusual Punishment in Violation of the Fifth Amendment

Plaintiff contends Defendants' use of force violated his due process rights.  (ECF No. 1 at

5; ECF No. 16 at 10–11).  It appears that Plaintiff seeks to state a substantive due process claim under the Fourteenth Amendment, although Plaintiff does not clearly indicate the basis for this claim.  (*See* ECF No. 16 at 10–11).  In *Graham v. Connor*, the Supreme Court explained that "*all* claims that law enforcement officers have used excessive force…in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than under a 'substantive due process' approach."  *Graham*, 490 U.S. at 395 (1989).

Therefore, Defendants' motion for summary judgment is granted for this cause of action as it is duplicative of Plaintiff's excessive force claim.

E.     Abuse of Process Under State Law

Plaintiff claims that Defendants pursued the legal process against him in retaliation for Plaintiff's complaints about Defendants' alleged actions.  (ECF No. 1 at 5).  The elements for abuse of process are (1) an ulterior purpose; and (2) a willful act in the use of the process that is not proper in the regular conduct of the proceeding.  *Huggins v. Winn-Dixie Greenville, Inc.*, 153 S.E.2d 693 (S.C. 1967).  A defendant will not be held liable for an abuse of process where he has "done nothing more than carry out the process to its authorized conclusion, even though bad intentions."  *Hainer v. American Medical Intern, Inc.*, 492 S.E.2d 103, 107 (S.C. 1997).  Plaintiff has not offered any evidence of an ulterior purpose or an intention on the part of Defendant Owens to abuse a process, nor can any such mindset be permissibly inferred from the evidence. To the contrary, the facts viewed in the light most favorable to Plaintiff establish that Defendant Owens was attempting to effectuate a valid investigation into a citizen's complaint about an animal at large.   As such, Defendants were authorized to effectuate legal process against Plaintiff.

8

Thus, the court grants summary judgment for this claim.

## CONCLUSION

Upon careful consideration of the entire record, the court hereby **GRANTS IN PART** and **DENIES IN PART** Defendants' motion for summary judgment (ECF No. 12).  The court grants Defendants' summary judgment motion with respect to Plaintiff's claims alleging the unconstitutional seizure of Plaintiff's identification, the punishment of free speech, the violation of due process, and the abuse of process.  The court denies Defendants' motion with respect to Plaintiff's excessive force claim.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

February 6, 2014
Greenville, South Carolina